J. L. OWENS COMPANY, Respondent, v. DAVIS, Agent, Appellant.

(187 N. W. 722.)

(File No. 4943.   Opinion filed April 10, 1922.   Rehearing denied May 16, 1922.)

**Carriers—Shipped Unclaimed Freight, Sale of Unpaid Freight Commodities, Whether Without Notice—Federal Control Order, State Statute Non-controlling.**

In a suit by shipper against a federal agent under the federal transportation act, to recover value of certain freight shipped and which it was alleged had been sold by defendant as unclaimed property, without proper notice under Secs. 1126-1127-1128, Code 1919, to consignor and consignee, concerning disposition of unclaimed property; held, that the state statute was inapplicable, as said act was superseded by federal General Order No. 34-A, promulgated by the Director General of Railroads, providing that carriers subject to federal control shall sell at public auction to highest bidder without advertisement carload and less than carload non-perishable freight which

has been refused or unclaimed at destination by consignees after it has been on hand 60 days and that consignees as described in waybill shall be notified of arrival of shipments; which notice shall contain provisions that if freight is unclaimed or undelivered for 15 days after expiration of free time at destination it will be treated as refused, and sold without further notice 60 days from date of notice of arrival, and that consignors shall be notified when freight is refused or unclaimed, when consignor can be determined from bill, etc., such notice to contain provisions that unless proper orders for disposition are received on or before specified date, not earlier than 60 days from date of arrival and notice to consignee, shipment will be sold for charges without further notice; and, inasmuch as no such notice was given and no reason offered for failure, the shipper was thereby deprived of its property without due process of law; that such provisions for sale of such property under said order are statutory in nature and as such, require strict compliance. So **held,** where one of the two shipments in question was consigned to order of consignor.

Gates, P. J., dissenting.

Appeal from Circuit Court, Codington County. Hon. WILLIAM N. SKINNER, Judge.

Action by J. L. Owens Company, a corporation, against James C. Davis, Agent, under federal transportation act, to recover value of a grain cleaner and a crate of sieves shipped by plaintiff and alleged to have been unlawfully sold by defendant. From a judgment in favor of plaintiff upon motion for judgment on the pleadings, and from an order denying a new trial, defendant appeals. Affirmed.

*Case & Case,* and *Donald Evans,* for Appellant.

*Francis B. Hart,* for Respondent.

Appellant cited: Adams Exp. Co. Croninger, 226 U. S. 491.

Respondent cited: Roberts Federal Liability of Carriers, Vol. 1, p. 109, Sec. 44; 12 Corpus Juris, Sec. 329, p. 844 and cases there cited; Act. Cong. of March 21, 1918, Secs. 10, 15; and submitted that: The proclamation of the President taking over the roads does not embrace the substance of Sec. 15 of said Act of Cong. providing that lawful police regulations of the states shall remain unimpaired and unaffected by any order of the President concerning federal control "except where such laws, * * * may affect transportation of troops," etc.

ANDERSON, J. This action is brought to recover the value of a grain cleaner and a crate of sieves sold by respondent to

one Coffey, residing at Florence in this state. On August 2, 1919, respondent consigned the cleaner to its own order at Florence. This cleaner arrived at the point of destination August 11, 1919. On September 16, 1919, respondent consigned to said Coffey at said place, one crate of sieves of the agreed value of $42. These sieves arrived at the place of destination September 26, 1919. Coffey refused to receive either of these consignments. On October 11, 1919, the Director General of Railroads caused the cleaner to be sold in satisfaction of the transportation charges. Before making sale, he caused a notice to be posted on the depot door at Florence, August 20, 1919,. This notice stated that the cleaner would be sold to the highest bidder October 11, 1919, unless charges against the same should be paid prior thereto. Without other or further notice said cleaner was sold, and delivered to third party at a price which satisfied the carrying charges, but no more. On October 8, 1919, the Director General caused to be posted on the depot door at Florence a written notice to the effect that the crate of sieves would be sold at the depot at Florence, November 29, 1919, in satisfaction of carrying charges accruing against the same. Thereafter, and on November 29, 1919, said crate of sieves was accordingly sold for the amount of transportation charges, and no more.

The foregoing comprises the substance of the allegations of the complaint so far as the same pertain to the sales and the notices thereof. Appellant, by his answer, admits that respondent made the shipments in the manner and form as in the complaint set forth, and that defendant sold the same for carrying charges as in the complaint set forth.

Respondent made a motion for judgment on the pleadings, and pursuant to such motion the lower court did enter judgment in favor of respondent and against appellant in the sum of $981.15. From this judgment and an order denying motion for new trial appellant has appealed to this court.

The only assignment of error in this record is as follows:

"The court erred in granting the motion of plaintiff for judgment on pleadings."

Respondent contends that the sale of the property was illegal and void by reason of the fact that in making the same defendant did not comply with the provisions in sections 1126, 1127, and

1128, R. C. 1919, relative to the disposition of unclaimed property.

Appellant contends that by reason of the provisions of the Federal Control Act of Congress (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919 §§ 3115¾a-3115¾p), all laws of this state pertaining to enforcement of liens for carrying charges are superseded and therefore inoperative. This so far as this case is concerned becomes immaterial, and we express no opinion in relation thereto.

Appellant bases his defense solely on the provisions of General Order No. 34a, promulgated by the Director General October 1, 1918, which order, so far as material, reads:

"Carriers subject to federal control shall sell at public auction to the highest bidder, without advertisement, carload and less than carload nonperishable freight which has been refused or is unclaimed at destination by consignees after the same has been on hand 60 days. Consignees, as described in the waybilling, shall be notified of arrival of shipments in all cases, *and such notice shall contain provisions that after freight is unclaimed or undelivered for 15 days after expiration of free time at destination it will be treated as refused and will be sold without further notice 60 days from the date of notice of arrival.*

"Consignors shall be notified when freight is refused or is unclaimed, as provided above, when the consignor can be determined from the billing or when shipments are marked with the consignor's name and address; *such notice to contain provisions that unless proper orders for disposition are received on or before a specified date, not earlier than 60 days from date of arrival* and notice to consignee, the shipment will be sold for charges without further notice."

By reference to this order it will appear that there are provisions for notice, both to the consignor and to the consignee. No such notice was given in either instance, and no reason offered for failure. The provision for sale of refused or unclaimed property under the terms of this order are statutory in their nature. As such they require strict compliance. In this case the showing fails to reveal even a substantial compliance. From the foregoing we think it clear that respondent was deprived of its property without due process of law.

The judgment and order appealed from are affirmed.

GATES, P. J. (dissenting.)   Because the answer contained the following paragraph:

"Admits that plaintiff made the shipment in manner and form in said complaint set forth, and that defendant sold the same for carrying charges as in said complaint set forth."
—the majority of this court would interpret the answer as an admission on the part of defendant that no notice other than the posted notice was given.   And this in spite of the following para graph of the answer (italics mine):

"Defendant, further answering, alleges:   That during all the times mentioned in said complaint the lines of railroad mentioned in said complaint were operated by and under the control of the said Director General pursuant to acts of Congress and the proclamation of the President of the United States of America, and *that the sale of the property mentioned in said complaint was made pursuant to and in strict accordance with the laws, rules, and regulations promulgated by the said Director General,* the acts of Congress, and the proclamation of the President pertaining thereto, then on file with and a part of the daily published tariffs on file with the Interstate Commerce Commission, and not otherwise.

"That the plaintiff herein *had due and timely notice of all the matters and things in said complaint complained of,* and of the laws, rules and regulations promulgated by said Director General, the acts of Congress, and the proclamation of the President under which said Director General acted, and under which said shipments were made."

To be sure section 2353, Rev. Code 1919, says that the answer must contain a general or specific denial of each material allegation of the complaint controverted by defendant, and section 2372 says that every material allegation of the complaint not controverted by the answer shall be taken as true.   To be sure the answer does not contain a single "denial," and the answer is confessedly an extremely poor piece of pleading, and therefore perhaps the majority are justified in the result announced if they desire to rest the decision upon the technical rules of pleading. But there is another rule of pleading, viz. section 2363, Rev. Code 1919, which says:

"In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

And there is still another well-recognized rule, and that is that upon a motion for judgment on the pleadings by a plaintiff the answer will be construed more liberally in favor of a defendant than if the answer were attacked by demurrer.

The respondent does not raise the point upon which the majority opinion turns. Indeed in the brief respondent in one place admits that notice was given to the consignee. In the case of the first shipment embracing almost the entire total value of both shipments the consignor and consignee were the same. In another place in its brief respondent admits that the defendant complied with the general orders of the Director of Railways, but contends that such general orders do not supersede the state law. That is the vital question upon this appeal, it seems to me, and the decision of it ought not to be dodged. I do not think the construction placed upon the answer promotes "substantial justice between the parties." Rev. Code, § 2363. For these reasons I dissent.